UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH
CIVIL ACTION NO. 5:06CV-P216-R

[CAPITAL CASE]

**ROBERT KEITH WOODALL**                                                          **PETITIONER**

**v.**

**THOMAS L. SIMPSON**                                                            **RESPONDENT**

**OPINION AND ORDER**

After filing his habeas petition and after the Magistrate Judge issued his Report and Recommendation, the petitioner, Robert Keith Woodall, moved for funds pursuant to 18 U.S.C. § 3599(f) to retain the services of Dr. Denis Keyes, a mental retardation expert. Woodall claims that he needs the assistance of Dr. Keyes to support his fourteenth claim for relief that the trial court erred in finding him not mentally retarded and his sixteenth claim for relief that his counsel were ineffective in asserting his mental retardation. Fully briefed, Woodall's motion is ripe for decision. For the reasons set forth below, the Court finds that the services of the requested expert are not "reasonably necessary." Therefore, the Court is not authorized to order payment for any such services.

**I.**

The appointment of experts in capital habeas cases is governed by 18 U.S.C. § 3599(f), which provides that "upon a finding that investigative, expert, or other services are reasonably necessary for the representation of the defendant," a district court may authorize the payment of

such expenses.[1]  "The request must demonstrate some factual allegation of a claim yet unexplored."  *Cunningham v. Hudson*, No. 3:06CV0167, 2008 U.S. Dist. LEXIS 53759 (N.D. Ohio June 9, 2008) (citing *Lawson v. Dixon*, 3 F.3d 743, 753 (4th Cir. 1993)).  "Expert services are 'reasonably necessary' when 'a substantial question exists over an issue requiring expert testimony for its resolution and the defendant's position cannot be fully developed without professional assistance.'"  *Powell v. Kelly*, 492 F. Supp. 2d 552, 557 (E.D. Va. 2007) (quoting *Wright v. Angelone*, 151 F.3d 151, 163 (4th Cir.1998)).  "Further, 'expert services are not reasonably necessary if the record, viewed in light of the forecasted evidence, would not entitle the petitioner to an evidentiary hearing on his claims, or if the petitioner would not be able to win on the merits regardless of the expert's findings.'"  *Id.* (quoting *Bell v. True*, 366 F. Supp. 2d 403, 405 (W. D. Va. 2005)) (citing *Lawson*, 3 F.3d at 753)).

## II.

Woodall cannot demonstrate that he has been prevented from exploring his claims in state court.  The issue of Woodall's possible mental retardation was addressed prior to his trial.  The trial court *sua sponte* ordered Dr. Johnson, a psychologist at the Kentucky Correctional Psychiatric Center, to evaluate Woodall.  Dr. Johnson evaluated Woodall from February 3, 1998, through February 17, 1998.  Dr. Johnson conducted several intelligence tests on Woodall.  None indicated a score below 70.[2]  Dr. Johnson also reviewed Woodall's scholastic records and did not

---

[1]Although § 3599(f) speaks only of "defendants," subsection (a)(2) of the statute makes clear that § 2254 petitioners in capital cases are eligible for the receipt of funding for experts shown to be "reasonably necessary."

[2]Kentucky Revised Statute § 532.130(2) provides that a defendant with an intelligence quotient of 70 or below is considered "seriously mentally retarded."  The statute itself does not reference a margin of error or provide for consideration of intelligence within a range.  It is a

indicate finding any intelligence score that placed Woodall below 70.[3]  In sum, Dr. Johnson stated,

> Questions have been raised about his mental functioning, particularly whether or not there is the presence of any mental retardation.  The results of the evaluation at KCPC which included review of historical school and correctional records did not reveal any evidence of mental retardation IQ scores of less than 70 and deficits in adaptive behavior functioning. . . .  His psychological testing placed him in the upper part of the borderline range (IQ scores of 70-79). . . . Mr. Woodall was seen as being capable of bearing criminal responsibility for his actions if found guilty on his current charges.

TE 13, defendant's Ex. 6.

Woodall has put before the Court an unsworn letter from Dr. Keyes to defense counsel in which Dr. Keyes states he has serious concerns about the methods of testing performed on Woodall in 1991 (prior to the incident in question).  He admits in the letter, however, that he has "not had an opportunity to review any of the 1997 evaluation results or any subsequent testing."  Thus, Woodall has failed to offer this Court any evidence that would seriously call into question the results of the testing conducted by Dr. Johnson in 1998 that placed Woodall's intelligence score somewhere between 70 and 79.

In short, Woodall was provided with an opportunity in state court to explore the issue of his mental retardation.  After a thorough evaluation, it was determined that Woodall did not qualify as seriously mentally retarded under Kentucky Revised Statute § 532.130(2).  Habeas review is not the proper forum for Woodall to engage in expert shopping in hopes of obtaining a

---

bright-line rule.  *See In re Bowling*, 422 F.3d 434, 437 (6th Cir. 2005).

[3]Woodall has put before the Court an affidavit from one of his prior trial counsel stating that she believes that she may have once seen a score of 68 in Woodall's school reports.  That report, however, has never been located.  Moreover, Woodall has failed to explain to the Court what efforts he has taken to locate the missing records.

conflicting opinion.

Even if the Court authorized funds for Dr. Keyes to conduct the testing, regardless of the results, Woodall would not be entitled to prevail on his claims. At least three of the intelligence tests given to Woodall over the years place him at or above a score of 70. A single score below 70 would not automatically preclude execution. *See Woods v. Quarterman*, 493 F.3d 580, 584-87 (5th Cir. 2007) (holding that where the petitioner had four I.Q. scores above 70 and one score below 70, the state court was not unreasonable in concluding that the petitioner failed to prove that he suffered from subaverage intellectual functioning).

Additionally, Woodall's counsel cannot be faulted for failing to question Dr. Johnson's assessment that Woodall was not seriously mentally retarded. Nothing in the record indicates that Woodall's counsel had any reason to question Dr. Johnson's methods or credentials. *Lewis v. Alexander*, 11 F.3d 1349, 1353 (6th Cir. 1993) (holding that an attorney's reliance on the evaluation of the defendant's medical records by a professional he knew and trusted was not a violation of the Sixth Amendment); *Sidebottom v. Delo*, 46 F.3d 744, 753 (8th Cir. 1995) (finding that defense counsel did not render ineffective assistance by not seeking a "second opinion" where counsel reasonably relied on the results of a psychological examination); *Poyner v. Murray*, 964 F.2d 1404, 1419 (4th Cir. 1992) ("The mere fact that . . . counsel did not shop around for a psychiatrist willing to testify to the presence of more elaborate or grave psychological disorders simply does not constitute ineffective assistance."). Counsel cannot be held responsible for procuring a second expert simply because one expert reached a result that Woodall now asserts is inaccurate. *See Horsley v. Alabama*, 45 F.3d 1486, 1495 (11th Cir. 1995) ("That experts were found who would testify favorably almost twenty years later is

4

irrelevant."); *Beans v. Black*, 757 F.2d 933, 936 (8th Cir. 1985) (holding that counsel's actions were not objectively unreasonable for failing to procure second expert on petitioner's competence when first expert found petitioner competent to stand trial).

The Court finds discovery relating to the requested expert is not "reasonably necessary." No substantial question exists over an issue requiring expert testimony. Therefore, funds to hire the requested expert are not allowed.

### III.

For the reasons set forth above, the petitioner, Robert Keith Woodall's, motion for authorization of funds pursuant to 18 U.S.C. § 3599(f) (DN 30) is **DENIED.**

Date:




cc: Counsel of record

4413.008