# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# PADUCAH DIVISION
# CASE NO. 5:06-CV-00216-R

**[CAPITAL CASE]**

**ROBERT KEITH WOODALL**                                                                     **PETITIONER**

**v.**

**THOMAS L. SIMPSON, Warden**                                                   **RESPONDENT**

## MEMORANDUM OPINION & ORDER

This matter comes before the Court upon Petitioner's Request to Expand the Certificate of Appealability (DN 45). Respondent has responded (DN 49), and Petitioner has replied (DN 50). This matter is now ripe for adjudication. For the reasons that follow, Petitioner's Request is DENIED.

## PROCEDURAL BACKGROUND

On February 24, 2009, this Court granted in part and denied in part Petitioner's application for a writ of habeas corpus. The Court also ordered that a certificate of appealability ("COA") be issued with respect to Petitioner's fifth claim, that the jury instructions impermissibly implied required unanimity with respect to mitigating circumstances. The Court found that none of Petitioner's other claims merited a COA. On March 25, Respondent filed a Notice of Appeal. On April 7, Petitioner filed a Notice of Cross-Appeal concurrently with his motion to expand the COA. In the present motion, Petitioner requests an expanded COA be issued with respect to his Third, Seventh, Ninth, Tenth, Thirteenth, Fourteenth and a portion of his Sixteenth Habeas Grounds.

## DISCUSSION

In *Castro v. United States*, the Sixth Circuit held that a district court has the power to

issue a COA before a petitioner requests one. 310 F.3d 900, 903 (6th Cir. 2002). In such a situation, "should the district judge deny a COA, the petitioner could seek reconsideration of that decision, accompanied by a motion and brief in support of a COA." *Id.* Moreover, "[i]f the district judge has denied the certificate, the applicant may request a circuit judge to issue it." Fed. R. App. P. 22(b)(1).

Thus, once a district court denies a COA, a petitioner may either move the district court to reconsider its decision, or request a COA from the Court of Appeals. *Castro*, 310 F.3d at 903; *Sanborn v. Parker*, No. 99-678-C, 2007 WL 1302559, at *1 (W.D. Ky. May 1, 2007). The Court's understanding of *Castro*'s holding is supported by Judge Kennedy's concurring opinion, in which she expressed concern that "while the petitioner may move for reconsideration where the COA is entered with the opinion, the burden on the petitioner to persuade the judge to change a ruling is greater than the burden to persuade the judge to adopt that ruling as an initial matter." *Castro*, 310 F.3d at 904 (Kennedy, J., concurring). *Castro* does not permit what Petitioner argues it does: that a petitioner may move to expand a COA even after the district court has denied a COA without the benefit of a prior motion by the petitioner. *See Sanborn*, 2007 WL 1302559, at *1.

For these reasons, the Court views Petitioner's request as a motion for reconsideration. A motion for reconsideration is construed as a motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e). Because a Rule 59(e) motion must be filed no later than ten days after entry of judgment, Petitioner's motion is untimely. *See Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998). "Where a party's Rule 59 motion is not filed within the mandatory 10-day period, it is appropriate for a court to consider the motion as a motion

2

pursuant to Rule 60 for relief from judgment." *Id.* "Relief from a final judgment under Rule 60(b) is an 'extraordinary remedy that is granted only in exceptional circumstances.'" *McAlpin v. Lexington 76 Auto Truck Stop, Inc.*, 229 F.3d 491, 502-03 (6th Cir. 2000) (citation omitted). Here, Petitioner does not argue any of the enumerated reasons justifying relief under Rule 60(b) apply, nor has he made a showing of exceptional circumstances. Therefore, the Court will deny Petitioner's motion to the extent it is made pursuant to Rule 60(b).

## CONCLUSION

For the foregoing reasons, IT IS HEREBY ORDERED that Petitioner's Request to Expand the Certificate of Appealability (DN 45) is DENIED.